IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

## STATE OF TENNESSEE v. MONQUEZE L. SUMMERS

**Appeal from the Criminal Court for Davidson County**
**No. 2001D2297       Angelita Blackshear Dalton, Judge**
———————————————

## No. M2019-01006-CCA-R3-CD
———————————————

Monqueze L. Summers, Defendant, appeals from the trial court's denial of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he argued that his life sentence was illegal. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Monqueze L. Summers, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy M. Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was convicted of felony murder, two counts of aggravated robbery, and one count of unlawful possession of a handgun in 2002 for his role in events that culminated in the death of one man and the robbery of two other men in August 1999 at Teen Night at 328 Performance Hall in Nashville. *State v. Summers*, 159 S.W.3d 586 (Tenn. Crim. App. 2004). As a result, Defendant was sentenced to an effective sentence of life in prison plus ten years. He was a juvenile at the time of the offenses. On appeal, his convictions and sentences were affirmed. *Id.* at 600. Defendant subsequently sought post-conviction relief on the basis of ineffective assistance of counsel. *State v. Monqueze Summers*, No. M2007-02392-CCA-R3-PC, 2008 WL 4791496, at *1 (Tenn. Crim. App. Nov. 4, 2008), *perm. app. denied* (Tenn. Mar. 16, 2009). The post-conviction court denied relief, and this court affirmed the denial of post-conviction relief on appeal. *Id.*

In January 2019, Defendant filed a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant claimed that his sentence was essentially a sentence of life without parole and left him "without a meaningful opportunity for release." Additionally, Defendant claimed that his sentence should have been considered "aggregate" because he was a juvenile and that he received ineffective assistance of counsel.

The trial court determined Defendant failed to show that his sentence was "not authorized by applicable statutes or that it directly contravenes applicable statute[s]" and failed to state a colorable claim. Moreover, the trial court determined that the allegations of ineffective assistance of counsel were not properly raised in the context of a motion filed under Rule 36.1. As a result, the trial court denied the motion. Defendant appealed.

*Analysis*

On appeal, Defendant insists that his life sentence is illegal because he was a juvenile at the time he committed the crime, the length of his sentence exceeds his own life expectancy, and he is not entitled to parole. He relies on *Miller v. Alabama*, 567 U.S. 460 (2012), to support his argument. The State counters that the sentence is not illegal, and, therefore Defendant is not entitled to relief.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

- 2 -

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "[A]n appellate court may determine, in the first instance, whether the allegations of a Rule 36.1 motion, and any supporting materials, state a colorable claim for relief under Rule 36.1." *Id.* at 594.

Defendant argues that a juvenile sentenced to a life sentence, which requires fifty-one years of incarceration prior to release, is effectively a life sentence without the possibility of parole and, therefore, violates the Eighth Amendment. This court has repeatedly rejected this argument. *See*, *e.g.*, *State v. Antonious Johnson and Rodney Williams*, No. W2018-01125-CCA-R3-CD, 2019 WL 4008113, at * (Tenn. Crim. App. Aug. 23, 2019), *perm. app. denied* (Tenn. Dec. 9, 2019); *State v. Walter Collins*, No. W2016-01819-CCA-R3-CD, 2018 WL 1876333, at *19-21 (Tenn. Crim. App. Apr. 18, 2018), *perm. app. denied* (Tenn. Aug. 8, 2018); *State v. Martiness Henderson*, No. W2016-00911-CCA-R3-CD, 2018 WL 1100972, at *1, *3 (Tenn. Crim. App. Feb. 26, 2018), *no perm. app. filed*; *State v. Jonathan Gutierrez*, No. M2015-01235-CCA-R3-CD, 2017 WL 2274644, at *15 (Tenn. Crim. App. May 24, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017); *Martez D. Matthews v. State*, No. M2015-02422-CCA-R3-PC, 2016 WL 7395674, at *4 (Tenn. Crim. App. Dec. 21, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017); *Charles Everett Lowe-Kelley v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *8 (Tenn. Crim. App. Feb. 24, 2016), *perm. app. denied* (Tenn. June 23, 2016); *Cyntoia Denise Brown v. State*, No. M2013-00825-CCA-R3-PC, 2014 WL 5780718, at *21 (Tenn. Crim. App. Nov. 6, 2014), *perm. app. denied* (Tenn. May 15, 2015). In this case, Defendant's sentence of life plus ten years was authorized at the time of the offense. In other words, it was not an illegal sentence. Consequently, Defendant has not stated a colorable claim for relief. *See State v. Sammie Lee Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016) (determining the defendant's claim under *Miller* was not a proper basis for relief under Rule 36.1). Additionally, Defendant's claim that trial counsel was ineffective is not properly addressed in a Rule 36.1 motion. Moreover, Defendant already sought, and was denied, post-conviction relief. *See Monqueze Summers*, 2008 WL 4791496, at *1. Therefore, Defendant is not entitled to relief.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE